UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                             :

NAMEL NORRIS,                        :

                          :

            Plaintiff,          :          24-CV-9684 (JAV)

                          :

      -v-                      :          <u>ORDER</u>

                          :

                          :

CHRISTOPHER BLEEKER OWNER LLC, et al.,  :

                          :

          Defendants.        :
--------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On August 29, 2025, Defendant Christopher Bleeker Owner LLC filed a Motion to Stay

Discovery pending resolution of its Motion to Dismiss the Amended Complaint (ECF No. 55).

*See* ECF No. 61.  In its Motion to Dismiss, Defendant argues, *inter alia*, that Plaintiff lacks

standing, and because the action is moot.  ECF No. 62.  In light of the pending motion,

Defendant contends that a stay of discovery is supported by the strength of its dismissal

arguments.

      A motion to dismiss does not automatically stay discovery," and "discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed."  *Hong Leong*

*Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)

(citations omitted).  Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of

good cause a district court has considerable discretion to stay discovery."  *Id.* (quoting *Integrated*

*Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)).  "Good

cause" is assessed through the application of the following three factors:  "(1) whether a

defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth

of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party

opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010);

*Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2

(S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the

order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677

(S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court finds that

there is good cause to stay discovery. The Court does not opine on the merits of the pending

Motion to Dismiss but does recognize that Defendants raise substantial arguments that the Court

lacks jurisdiction over this matter. In terms of the second factor, the cost of discovery could be

significant. This action, which concerns physical accessibility under the Americans with

Disabilities Act, will likely require the retention of architectural expert witnesses. If discovery is

not stayed, the parties could engage in expensive litigation which could be rendered moot if the

Court grants the Motion to Dismiss.

The last factor also weighs in favor of a stay. The litigation is still in its early stages as

the Amended Complaint was filed on August 14, 2025. *See* ECF No. 54. Notably, Plaintiff has

not opposed the motion.

Accordingly, Defendant's Motion to Stay Discovery is GRANTED. All deadlines set

forth in the Case Management Plan are currently stayed. The Clerk of the Court is respectfully

directed to terminate ECF No. 61.

SO ORDERED.

Dated: September 16, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge